IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK THELEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-418-MJR |
| ) | |
| W.A. SHERROD ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 2). Based on the financial information provided with his motion, Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Also before the Court is Petitioner's application for a writ of habeas corpus (Doc. 1). Petitioner, an inmate in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1997 conviction for being a felon in possession of a firearm in the United States District Court for the Eastern District of Michigan, Northern Division. Petitioner's conviction was affirmed on June 18, 1999 by the Sixth Circuit Court of Appeal. *See United States v. Thelen*, No. 97-2303, 1999 WL 435172 (6th Cir. June 18, 1999). It appears that Petitioner did not file a motion to vacate, set aside or correct sentence with the trial court.

Petitioner's § 2241 challenge is based on the Sixth Circuit's subsequent decision in *Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999). *Hampton*, like the instant case, dealt with

a person charged with being a felon in possession of a firearm.  In *Hampton*, the Sixth Circuit held that Michigan law restored a felon's civil right to sit on a jury upon completion of his sentence abrogating an earlier decision, *United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992), that had held the contrary.  As a consequence of being having his civil rights restored, the Sixth Circuit held that the petitioner in *Hampton* could argue that he was "actually innocent" of the underlying firearms charge in a § 2255 motion.  Petitioner claims that he was discharged from parole on the predicate felony in 1994 and, accordingly, his civil rights were also restored - just like the petitioner's were restored in *Hampton*.  Therefore, Petitioner contends he is "actually innocent" of being a felon in possession of a firearm.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

## DISCUSSION

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  However, a petition challenging the conviction may be

brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner apparently contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. Specifically, Petitioner contends that because *Hampton* was decided on October 12, 1999 - *after* his conviction was affirmed on direct appeal - he could not have brought his claim in a timely § 2255 proceeding in the Eastern District.

This Court disagrees. The Sixth Circuit affirmed Petitioner's conviction on June 18, 1999. Petitioner had ninety days (the time to seek a petition for a writ of certiorari to the Supreme Court of the United States) plus one year from June 18, 1999 to file his § 2255 motion with the Eastern District of Michigan. *Hampton* was decided only 4 months into that time period. Even if Petitioner had to wait until the petition for rehearing in *Hampton* had been decided to bring his § 2255 motion based on it, the petition for rehearing in *Hampton* was denied on January 19, 2000. Thus, Petitioner could have asserted a claim based on *Hampton* in a timely filed § 2255 motion, if he had filed one.

That Petitioner cannot bring his § 2255 action now - because it would be time barred - does not render § 2255 an inadequate remedy. "Failure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also*

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

*Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that § 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that § 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner proceeding under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In this case, a § 2255 motion could have (in theory) cured the alleged defect in Petitioner's conviction. That is, although *Hampton* was decided *after* Petitioner's conviction was affirmed on direct appeal, it nevertheless was decided well *before* the deadline Petitioner had for filing a § 2255 motion. That Petitioner never filed a § 2255 motion raising *Hampton* (or any other ground) fails to establish that such relief was inadequate..

### DISPOSITION

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice. All pending motions are denied as moot.

**IT IS SO ORDERED**.

**DATED this 7th day of September, 2010.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**