IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK THELEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-418-MJR |
| ) | |
| W.A. SHERROD ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion to substitute respondent (Doc. 6) and to alter judgment (Doc. 7).

### BACKGROUND

Petitioner, an inmate in the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brought a habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1997 conviction for being a felon in possession of a firearm in the United States District Court for the Eastern District of Michigan, Northern Division.  This Court determined that relief under § 2241 was not available and, therefore, summarily dismissed the § 2241 action.   In this Court's original Memorandum and Order (Doc. 4) dismissing the instant § 2241 action, the Court erroneously stated that Petitioner did not file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255  with the trial court.

Petitioner asserts -and the Court now concludes -  that he did file a § 2255 motion with

the Eastern District of Michigan on June 14, 2000.[1]  *See United States v. Thelen,* Case No. 1:97-cr-20015 (E.D. Mich.) (motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 72, filed June 14, 2000).[2]  The § 2255 motion was denied by the trial court on August 7, 2002.  *Id.* (order denying motion to vacate, Doc. 72, filed Aug. 7, 2002).  Petitioner attempted to appeal the denial of his § 2255 motion, but was denied a certificate of appealability by both the trial court and the appellate court.  *Id.* (trial court's denial of a certificate of appealability, Doc. 98, filed Oct. 24, 2002; appellate court's denial of a certificate of appealability, Doc. 101, filed April 22, 2003).  Unfortunately for Petitioner, the fact that he actually filed a § 2255 motion does not alter this Court's conclusion that he is not entitled to relief under 28 U.S.C. § 2241.

As noted in this Court's prior Memorandum and Order (Doc. 4), Petitioner's § 2241 challenge is based on the Sixth Circuit's decision in *Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999).  *Hampton*, like the instant case, dealt with a person charged with being a felon in possession of a firearm.  In *Hampton*, the Sixth Circuit held that Michigan law restored a felon's civil right to sit on a jury upon completion of his sentence abrogating an earlier decision, *United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992), that had held the contrary.  As a consequence of being having his civil rights restored, the Sixth Circuit held that the petitioner in *Hampton* could argue that he was "actually innocent" of the underlying firearms charge in a § 2255 motion.  Petitioner claims that he was discharged from parole on the predicate felony in 1994 and, accordingly, his civil rights were also restored - just like the petitioner's were restored in

---

[1] It appears that the practice in the Eastern District of Michigan is to docket the § 2255 action in the underlying criminal case rather than in a new civil action.

[2] Docket entries retrieved by this Court via the Public Access to Court Electronic Records (PACER) system.

*Hampton*. Therefore, Petitioner contends he is "actually innocent" of being a felon in possession of a firearm.

As also noted in this Court's prior Memorandum and Order (Doc. 4), normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence.  *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.  *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention.  Specifically, Petitioner contends that because *Hampton* was decided on October 12, 1999 - *after* his conviction was affirmed on direct appeal - he could not have brought his *Hampton* claim in the § 2255 proceeding in the Eastern District which he filed on June 14, 2000.

Again, this Court disagrees.  The Sixth Circuit affirmed Petitioner's conviction on June 18, 1999.  Petitioner had ninety days (the time to seek a petition for a writ of certiorari to the Supreme Court of the United States) plus one year from June 18, 1999  to file his § 2255 motion with the Eastern District of Michigan.  *Hampton* was decided only 4 months into that time period. Even if Petitioner had to wait until the petition for rehearing in *Hampton* had been

3

decided to bring his § 2255 motion based on it, the petition for rehearing in *Hampton* was denied on January 19, 2000.  Thus, Petitioner could have - at least in theory - asserted a claim based on *Hampton* in the § 2255 motion he filed in the Eastern District of Michigan because *Hampton* had been decided six months before Petitioner filed his § 2255 motion.

      Petitioner places much emphasis on the fact that new decisions - like *Hampton* - take a long time to actually reach people who are incarcerated and, therefore, as a practical matter he could not have possibly known about the decision in *Hampton* at the time he filed his § 2255 action on June 14, 2000.  Even assuming this to be true, the fact still remains that Petitioner's § 2255 motion was pending before the trial court for over two years (from June 14, 2000 to August 7, 2002).  His motions for a certificate of appealability to both the trial court and the appellate court added nearly another year to the life of his § 2255 proceeding.  Yet, nowhere during this time does it appear that Petitioner raised his *Hampton* claim in his § 2255 proceeding- even though *Hampton* had been decided two to three years prior to the final disposition of Petitioner's § 2255 action.  Contrary to Petitioner's assertion, finding out about the *Hampton* decision before filing his § 2255 proceeding (and while it was pending before the Eastern District of Michigan) did not require him to possess "psychic powers" because he was not faced with the task of *predicting* how the decision in *Hampton* would turn out.  Instead, Petitioner was tasked with *discovering* the existence of the *Hampton* decision - an action that required diligence and, perhaps, a bit of good fortune.  That he either failed to exercise enough diligence or, maybe, just had bad luck in discovering the existence of *Hampton*, does not indicate that his § 2255 action was "inadequate" or "ineffective."

.     That Petitioner cannot bring his § 2255 action now - because it would be time barred -

does not render § 2255 an inadequate remedy. Again, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[3] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that § 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that § 2255's substantive and procedural barriers by themselves do not establish that § 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner proceeding under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In this case, a § 2255 motion could have (in theory) cured the alleged defect in Petitioner's conviction. That is, although *Hampton* was decided *after* Petitioner's conviction was affirmed on direct appeal, it nevertheless was decided *before* the deadline Petitioner had for filing his § 2255 motion and it was decided well before the proceedings on his § 2255 came to a conclusion. That Petitioner failed to raise *Hampton* in his § 2255 action does not establish that such relief was inadequate.

**DISPOSITION**

Consequently the Court concludes, as it did previously, that § 2241 cannot provide Petitioner with the desired relief, and that the summarily dismissal of this action is proper.

---

[3] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

Therefore, Petitioner's motion to alter judgment (Doc. 7) is **DENIED**.  As there is no motion currently pending before this Court, Petitioner's motion to substitute respondent (Doc. 6) is **DENIED** as moot.

    **IT IS SO ORDERED**.

    **DATED this 23rd day of September, 2010.**

                    **s/ Michael J. Reagan**
                      **MICHAEL J. REAGAN**
                      **United States District Judge**